UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____

DIANE LITTLE-KING,

       Plaintiff,                              **Civil Action No.**

   vs.                                        **COMPLAINT**

PRESSLER & PRESSLER, LLP AND    **Jury Trial Demanded**
MIDLAND FUNDING, LLC

       Defendants.
_____

### NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendants' transact business in this district.

### PARTIES

4. Plaintiff, Diane Little-King ("Plaintiff"), is a natural person who at all relevant times resided in the State of New Jersey, County of Essex, and City of East Orange.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Pressler & Pressler, LLP ("P&P") is an entity which all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. P&P is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant, Midland Funding, LLC, ("MF") is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiff.

9. MF is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than P&P.

11. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than P&P, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

12. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than P&P.

13. P&P uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

14. MF purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

15. MF acquired Plaintiff's debt once owed or once due, or asserted to be once owed or once due a creditor, when the debt was in default.

16. MF is thoroughly enmeshed in the debt collection business, and MF is a significant participant in P&P's debt collection process.

17. In connection with the collection of an alleged debt, Defendant sent Plaintiff written communication dated February 23, 2011 in which Defendant falsely represented that Plaintiff owed an alleged debt of $498.73 and further sent Plaintiff written communication dated February 28, 2011 in which Defendant falsely represented that Plaintiff owed an alleged debt of $426.60. However, Plaintiff made payments of $249.34 on February 22, 2011 and $97.84 on February 26, 2011 towards the debt and did not owe the amounts Defendant alleged. (15 U.S.C. §§ 1692e(2)(A), 1692e(10), 1692f(1)).

18. In connection with the collection of an alleged debt, Defendant sent Plaintiff written communication dated February 8, 2011 containing a Stipulation of Settlement for Plaintiff to sign and return to Defendant which stated that Defendant's first payment was due by February 17, 2011 in order for Plaintiff to avoid default. However, Defendant unfairly and unconscionably sent this communication in a manner guaranteeing that Plaintiff would not receive said communication in time to accept the settlement offer, and in fact, Plaintiff did not receive said communication until after February 17, 2011 deadline for Plaintiff to

default.  In so doing, Defendant utilized false and deceptive practices in connection with the collection of a debt. (15 U.S.C. §§ 1692e(10), 1692f).

19. Defendants' actions constitute conduct highly offensive to a reasonable person, and as a result of Defendants' behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I—VIOLATIONS OF THE FDCPA
## DEFENDANT P&P

20. Plaintiff repeats and re-alleges each and every allegation above.

21. Defendant P&P violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that P&P violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II—VIOLATIONS OF THE FDCPA
## DEFENDANT MF

22. Plaintiff repeats and re-alleges each and every allegation above.

23. Defendant MF violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that MF violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

24. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: June 3, 2011                     Respectfully submitted,

/s/ Dennis R. Kurz
Dennis R. Kurz
NJ Bar No. 4570453
***Weisberg & Meyers, LLC***
Attorneys for Plaintiff
5025 N. Central Ave., #602
Phoenix, AZ 85012

(888) 595-9111 ext. 412
(866) 842-3303 (fax)
dkurz@attorneysforconsumers.com