# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DIANE LITTLE-KING, | Civil Action No.<br>2:11-cv-03228-CCC-JAD |
| Plaintiff, | |
| vs. | **AMENDED COMPLAINT** |
| PRESSLER & PRESSLER, LLP and<br>MIDLAND FUNDING, LLC | **Jury Trial Demanded** |
| Defendants. | |

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendants' transact business in this district.

## PARTIES

4. Plaintiff, Diane Little-King ("Plaintiff"), is a natural person who at all

relevant times resided in the State of New Jersey, County of Essex, and City of East Orange.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Pressler & Pressler, LLP ("P&P") is an entity which all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. P&P is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant, Midland Funding, LLC, ("MF") is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiff.

9. MF is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than P&P.

11. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than P&P, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

12. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than P&P.

13. Plaintiff incurred the alleged obligation from a personal Citibank MasterCard.

14. P&P uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

15. MF purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

16. MF acquired Plaintiff's debt once owed or once due, or asserted to be once owed or once due a creditor, when the debt was in default.

17. MF is thoroughly enmeshed in the debt collection business, and MF is a significant participant in P&P's debt collection process.

18. P&P sent Plaintiff initial correspondence dated November 26, 2010. (See November 26, 2010 correspondence, attached hereto as Exhibit "A").

19. P&P's November 26, 2010 correspondence stated in part,

> We shall afford you this opportunity to pay this debt immediately and avoid further action against you. Make your check or money order payable to Pressler and Pressler, LLP and include your file number L124317 and remit to:

(Exhibit "A").

20. This statement would lead the least sophisticated consumer to believe

that immediate payment pursuant to Defendant's terms was necessary to avoid further action.

21. On February 4, 2011 at 3:51p.m., Plaintiff telephoned P&P in response to a settlement offer sent from P&P via U.S. mail.

22. During the February 4, 2011 telephone call, P&P offered to settle the alleged debt for $748.36.

23. P&P requested Plaintiff make an initial payment of $374.18 on February 17, 2011 and a final payment of $374.18 on March 3, 2011.

24. In order to memorialize the agreement, P&P promised to mail a stipulation of settlement Plaintiff.

25. Struggling to come up with the initial $374.18, Plaintiff submitted an initial payment for $250.00.

26. On February 23, 2011, P&P mailed Plaintiff a letter stating that P&P had not yet received the signed stipulation agreement and requesting that it be returned by March 2, 2011. (See February 23, 2011 correspondence, attached hereto as Exhibit "B").

27. P&P's February 23, 2011 correspondence, by requesting the signed stipulation be returned by March 2, 2011, would cause the least sophisticated consumer to believe that the debt would be considered paid in full if the signed stipulation agreement was returned by March 2, 2011 and the full amount of

$748.36 was tendered by March 3, 2011.

28.   By March 3, 2011, Plaintiff had paid Defendant the full amount of $748.36.

29.   During a March 4, 2011 telephone call, despite Plaintiff's full satisfaction of the debt, P&P asserted that Plaintiff owed an additional $79.02 on the account.

30.   Despite no further payments being made by Plaintiff, P&P and MF dismissed the State Court action against Plaintiff on March 28, 2011 as a result of Plaintiff's satisfaction of the debt.

31.   P&P and MF's actions constitute conduct highly offensive to a reasonable person.

32.   As a result of P&P and MF's behavior, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress, including but not limited to, causing Plaintiff to cry during multiple conversations with P&P and causing Plaintiff to worry that she would lose her job and her car.

### COUNT I
### VIOLATION OF § 1692g(b) OF THE FDCPA
### DEFENDANTS P&P AND MF

33.   Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 32.

34. Section 1692g(b) of the FDCPA states, "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." 15 U.S.C. § 1692g(b).

35. "Importantly, the FDCPA does not assume that the recipient of a collection letter is aware of h[is] right to require verification of the debt. Instead, the statute requires the debt collector to inform the debtor of his rights by sending him a 'validation notice' with the initial dunning letter (or within 5 days thereafter)." *Owens v. Hellmuth & Johnson, PLLC*, 550 F. Supp. 2d 1060, 1064 (D. Minn. 2008).

36. One of the reasons for requiring notice is to "ensure that debt collectors [give] consumers adequate information concerning their legal rights." *Swanson v. Southern Oregon Credit Serv.*, 869 F.2d 1222, 1225 (9th Cir. 1988), quoting S. Rep. No. 382, 95th Cong. 2d Sess. 4, reprinted in 1977 U.S. Code Cong. & Admin. 17 News 1695, 1702. However, if the consumer fails to contact the debt collector within 30 days these rights are lost forever. *Id.* It is therefore in the interest of an unscrupulous debt collector to not actually alert the consumer to his or her rights.

37. Overshadowing occurs not only when the validation notice contains contradictory language, but also when the overall tenor, form, and context of the

communication would mislead the least sophisticated debtor and encourage him to disregard his rights. *Terran v. Kaplan*, 109 F.3d 1428, 1432 (9th Cir.1997); *see also Voris v. Resurgent Capital Services, L.P.*, 494 F. Supp. 2d 1156, 1163 (S.D. Cal. 2007).

38. Thus, it makes sense that under the FDCPA, notice of the thirty-day validation period is mandatory, but is not, under every circumstance, sufficient to satisfy § 1692g(a); a debt collector must "effectively convey" the notice to the debtor. *Smith v. Computer Credit, Inc.*, 167 F. 3d 1052, 1054 (6th Cir. 1999).

39. To determine whether a debt collector has "effectively conveyed" the validation notice, the United States Court of Appeals for the Third Circuit applies the "least sophisticated debtor" standard. The FDCPA is to be interpreted in accordance with the "least sophisticated debtor" standard. *See Clark Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir.2006).

40. The least sophisticated debtor standard is "lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Smith*, 167 F.3d at 1054, quoting *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222, 1227 (9th Cir. 1988)).

41. In this case, when confronted with P&P's November 26, 2010 letter threatening that the only way to "avoid further action" was to "pay this debt immediately," the least sophisticated debtor would believe that the only way to

avoid further action, such as a lawsuit, was to remit immediate payment.

42. A demand for payment or action by the consumer within a time less than the disclosed thirty-day validation period contradicts § 1692g(a) and thus violates the Act. *See U.S. v. National Financial Services*, 98 F.3d 131, 139 (4th Cir.1996); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2nd Cir.1996); *Miller v. Payco-General Am. Credits, Inc.*, 943 F.2d 482, 484 (4th Cir.1991); *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222, 1226 (9th Cir.1988).

43. P&P and MF violated 15 U.S.C. § 1692g(b) by including language in its November 26, 2010 letter that overshadowed or was inconsistent with the required notices.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that P&P and MF violated 15 U.S.C. § 1692g(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00 per Defendant;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF § 1692e(2)(A) OF THE FDCPA
## DEFENDANTS P&P AND MF

44. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 32.

45. 15 U.S.C. § 1692e(2)(a) provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> \*    \*    \*
>
> (2) The false representation of—
>
> (A) The character, amount, or legal status of any debt;

46. P&P's February 23, 2011 correspondence by requesting the signed stipulation be returned by March 2, 2011, would cause the least sophisticated consumer to belief that the debt would be considered paid in full if the signed stipulation agreement was returned by March 2, 2011 and full amount of $748.36 was tendered by March 3, 2011.

47. By March 3, 2011, Plaintiff had paid Defendant the full amount of $748.36.

48. During a March 4, 2011 telephone call, despite Plaintiff's full

satisfaction of the debt, P&P asserted that Plaintiff owed an additional $79.02 on the account.

49.  Despite no further payments being made by Plaintiff, P&P and MF dismissed the State Court action against Plaintiff on March 28, 2011 as a result of Plaintiff's satisfaction of the debt.

50.  By asserting that Plaintiff owed $79.02 when she in fact did not owe any money, P&P and MF violated Section 1692e(2)(A) of the FDCPA.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that P&P and MF violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF § 1692e(10) OF THE FDCPA
## DEFENDANTS P&P AND MF

51.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 32.

52.     15 U.S.C. § 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

53.     The FDCPA prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. §1692e.

54.     The sixteen (16) subsections of section 1692e provide a non-exhaustive list of practices that fall within such prohibited conduct and provisions similar to those enumerated in section 1692e were present in each of the bills leading up to enactment of the FDCPA.  *See e.g.* H.R. 10191, 94th Cong., 1st Sess. § 804 (1975); H.R. 29, 95th Cong., 1st Sess. § 806 (1977); S. 9th Cong., 1st Sess. § 807 (1977).

55.     A debt collection practice may violate the FDCPA even if it does not fall within specific conduct enumerated by the FDCPA.  *Clomon v. Jackson,* 988 F. 2d 1314, 1318 (2nd Cir. 1993).

56.     P&P mailed Plaintiff correspondence dated February 23, 2011 by

requesting the signed stipulation be returned by March 2, 2011.

57. P&P's February 23, 2011 correspondence falsely represented that Plaintiff would not be in breach of the agreement if she returned the signed agreement by March 2, 2011 and remitted payment of $748.36 by March 3, 2011.

58. In the alternative, sending P&P's February 23, 2011 correspondence requesting Plaintiff return the signed stipulation after the date upon which the first payment was due, constituted deceptive means to get Plaintiff to agree to a contract upon which she would be in breach upon signing.

59. During a March 4, 2011 telephone call, despite Plaintiff's full satisfaction of the debt, P&P falsely represented that a debt was owing and asserted that Plaintiff owed an additional $79.02 on the account.

60. P&P's February 23, 2011 correspondence represented deceptive means to collect a debt by threatening that Plaintiff had only two options, (1) sign the stipulation agreement and immediately be in breach, or (2) not sign the stipulation agreement and have P&P and MF proceed with legal action.

61. P&P and MF's actions constitute the use of false representations and/or deceptive means to collect or attempt to collect a debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that P&P and MF violated 15 U.S.C. § 1692e(10);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k,

    in the amount of $1,000.00 per Defendant;

  c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

  d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

  e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

  f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT IV**
**VIOLATION OF § 1692f OF THE FDCPA**
**DEFENDANTS P&P AND MF**

62. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 32.

63. The FDCPA defines neither the term "unconscionable," nor "unfair." The FDCPA does, however, broadly enumerate several practices considered contrary to its stated purpose, forbidding such action both generally and in a specific list of disapproved practices. Particular to "unfair or unconscionable means" the FDCPA lists eight specific violations "without limiting the general application" of the statute. 15. U.S.C. § 1692f.

64. As the section 1692f of the FDCPA explicitly states, the listing of the eight specific violations was not intended to limit the applicability of the general

prohibition of "unfair or unconscionable" behavior. *See McMillan v. Collection Professionals Inc.*, 455 F. 3d 754 (7th Cir. 2006).

65. 15 U.S.C. §1692f "serves a backstop function, catching those "unfair practices" which somehow manage to slip by §§ 1692d & 1692e." *Edwards v. McCormick*, 136 F. Supp. 2d 795 (S.D. Ohio 2001).

66. 15 U.S.C. §1692f "allows the court to sanction improper conduct that the FDCPA fails to address specifically." *Adams v. Law Offices of Stuckert & Yates,* 926 F.Supp. 521, 528 (E.D. Pa.1996), citing *Masuda v. Thomas Richards & Co.,* 759 F.Supp. 1456, 1461 n. 10 (C.D. Cal.1991).

67. P&P mailed Plaintiff correspondence dated February 23, 2011 by requesting the signed stipulation be returned by March 2, 2011.

68. P&P's February 23, 2011 correspondence unfairly or unconscionably represented that Plaintiff would not be in breach of the agreement if she returned the signed agreement by March 2, 2011 and remitted payment of $748.36 by March 3, 2011 despite P&P and MF's intention of holding Plaintiff in breach and demanding payment in full.

69. In the alternative, during a March 4, 2011 telephone call, despite Plaintiff's full satisfaction of the debt, P&P unfairly or unconscionably represented that Plaintiff owed an additional $79.02 when she did not.

70. P&P's February 23, 2011 correspondence unfairly or unconscionably presented Plaintiff with only two options, (1) sign the stipulation agreement and immediately be in breach, or (2) not sign the stipulation agreement and have P&P and MF proceed with legal action.

71. P&P and MF's actions constitute the use unfair or unconscionable means to collect or attempt to collect a debt in violation of Section 1692f of the FDCPA.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that P&P and MF violated 15 U.S.C. § 1692f;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00 per Defendant;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

72. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: August 19, 2011          Respectfully submitted,

/s/ Dennis R. Kurz
Dennis R. Kurz
NJ Bar No. 02645.2001
**Weisberg & Meyers, LLC**
Attorneys for Plaintiff
5025 N. Central Ave., #602
Phoenix, AZ 85012
(888) 595-9111 ext. 412
(866) 842-3303 (fax)
dkurz@attorneysforconsumers.com

### CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2011, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Mitchell L. Williamson
Pressler and Pressler, L.L.P.
7 Entin Road
Parsippany, New Jersey 07054

Ronald M. Metcho
Marshall Dennehey, Warner, Coleman & Goggin
1845 Walnut Street, 17th Floor
Philadelphia, PA 19103

         /s/ Dennis R. Kurz
         Dennis R. Kurz